**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| ESTEBAN RAMIREZ, individually and on behalf of all others similarly situated, | |
| Plaintiff(s), | Case No. 1:20-cv-00106 |
| v. | |
| MIDLAND CREDIT MANAGEMENT, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## CLASS ACTION COMPLAINT

Now Comes Plaintiff, ESTEBAN RAMIREZ, individually and on behalf of all others similarly situated, by and through his undersigned attorney, James C. Vlahakis, and brings this Complaint against Defendant MIDLAND CREDIT MANAGEMENT, INC.:

### I.      Parties, Jurisdiction and Venue

1.      Plaintiff RAMIREZ ESTEBAN ("Plaintiff") resides in this Judicial District and has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq.

2.      Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is incorporated in the State of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

3.      Subject matter jurisdiction exists pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331 and 1337.

4.      Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM routinely mails collection letters and envelopes to addresses within this District and MCM routinely collects consumer debts in this District.

5.      Venue and personal jurisdiction exist in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because MCM, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

6.      Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM is subject to personal jurisdiction within this District by virtue of the fact that MCM has conducted significant and continuous debt purchase and collection activities within this District.

II.     **Background Allegations**

        A. **Summary of the FDCPA**

7.      The FDCPA was enacted as a result of "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors". See 15 U.S.C. § 1692(a).

8.      In enacting the FDCPA, Congress stated that stated that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." See 15 U.S.C. § 1692(a).

9.      In enacting the FDCPA, Congress stated that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." See 15 U.S.C. § 1692(b).

10.     In enacting the FDCPA, Congress stated that "[m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." See 15 U.S.C. § 1692(c).

11.     In enacting the FDCPA, Congress stated that "[i]t is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, . . . and to

promote consistent State action to protect consumers against debt collection abuses.
See 15 U.S.C. § 1692(e).

12.     Section 1692f of the FDCPA generally prohibits a debt collector from using
"unfair or unconscionable means to collect or attempt to collect any debt."

13.     Section 1692f(8) of the specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address,
> on any envelope when communicating with a consumer by use of the
> mails or by telegram, except that a debt collector may use his business
> name if such name does not indicate that he is in the debt collection
> business.

14.     In the case of *Preston v. Midland Credit Mgmt.*, 948 F.3d 772 (7th Cir.
2020), the Seventh Circuit held that MCM violated the clear language of §1692f(8) when
it sent a collection letter to an Illinois consumer inside of an enveloped that was marked
with the words "**TIME SENSITIVE DOCUMENT**".

15.     Below is an image of the envelope as issue in *Preston*:



16.     In reversing the district court's order granting MCM's 12(b)(6) motion to
dismiss, the Seventh Circuit in *Preston v. Midland* held as follows:

> We conclude that the language of § 1692f(8) is clear, and its
> application does not lead to absurd results. To the contrary, the

prohibition of any writing on an envelope containing a debt collection letter represents a rational policy choice by Congress. Consequently, we conclude that the district court erred in dismissing Mr. Preston's claim under § 1692f(8). * * * On its face, the prohibition is clear: use of *any* language or symbol on an envelope, except for the debt collector's name (if it does not indicate that the collector is in the business of debt collection) and the debt collector's address, violates subsection (8). * * * The statutory language does, in fact, prohibit debt collectors from sending communications to consumers in envelopes bearing symbols that are indicative of debt collection. The language of the statute simply draws a clear line to ensure that consumers' rights are not lost in the interpretation of more subtle language. * * * Turning to the facts here, there is no question that the language "TIME SENSITIVE DOCUMENT" appears on the envelope enclosing a communication to a consumer. It is equally apparent that the language at issue does not fall within the itemized exception set forth in subsection (8): It is not Midland's name nor its address. The inclusion of this phrase thus violates § 1692f(8), and the district court erred in dismissing the claim set forth in Count I of Mr. Preston's complaint.

*Preston*, 948 F.3d 776-77, 781, 783-84 (emphasis in original).

### B.  MCM's Debt Collection Practices

17.    MCM is a debt collector as defined by Section 1692a(6) of the FDCPA because MCM routinely uses the United States Postal Service for the collection of consumer debts and MCM's principal purpose is the purchase of and collection of consumer debts.

18.    MCM collects defaulted debts owned by Midland Funding, LLC ("Midland").

19.    MCM also collects defaulted debts that MCM purports to own.

20.    On information and belief, MCM has researched and analyzed data to learn that consumers are more likely to open collection letters sent in envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" than plain envelopes.

21.    MCM's "**TIME SENSITIVE DOCUMENT**" envelope has been assigned a specific alpha-numeric code by MCM, OE36.

22.     MCM has the ability to search its records to determine the precise dates on which it used the "**TIME SENSITIVE DOCUMENT**" envelope to send collection letters to Plaintiff on putative class members.

23.     MCM can analyze payments data to determine whether persons receiving collections letters sent inside of "**TIME SENSITIVE DOCUMENT**" envelopes make payments at a higher rate than when collection letters are sent inside of plain envelopes.

24.     On information and belief, MCM has researched and analyzed data to conclude that consumers are more likely to send payments to MCM where a collection letter requesting payment was sent inside of envelopes that contain the words "**TIME SENSITIVE DOCUMENT**" than plain envelopes.

### C.  Summary of the Subject Debt

25.     Plaintiff obtained credit (the "Subject Debt") for personal and household expenses from Capital One, N.A. ("Capital One").

26.     The Subject Debt, with an Original Account Number ending in 4707, fell into a default status.

27.     On information and belief, the operative cardholder agreement that was issued in relation to the Subject Debt do not contain an arbitration clause.

### III.    Defendant's Collection Activities and Violations of the FDCPA

28.     In an attempt to collect the Subject Debt, within the past year, MCM sent collection letters to Plaintiff's address in Raymondville, Texas.

29.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because MCM regarded him as a "person obligated or allegedly obligated to pay" the Subject Debt.

30.     In the past year, one or more of the envelopes that MCM used to mail collection letters to Plaintiff were marked with the words "**TIME SENSITIVE DOCUMENT**".

31.     Plaintiff specifically recalls receiving a **"TIME SENSITIVE DOCUMENT"** envelope where the envelope was the same color and format of the envelope at issue in *Preston v. Midland Credit Mgmt.*, 948 F.3d 772 (7th Cir. 2020).

32.     Plaintiff recalls that a second envelope was marked **"TIME SENSITIVE DOCUMENT"** where the envelope in question was white in color.

33.     A representative example of the white **"TIME SENSITIVE DOCUMENT"** envelope is depicted below:



34.     Plaintiff's attention was drawn to the fact that the subject envelopes were marked with the words **"TIME SENSITIVE DOCUMENT"**.

35.     MCM's use of the words **"TIME SENSITIVE DOCUMENT"** on the envelopes caused Plaintiff to become anxious and distressed.

36.     MCM's use of the words "**TIME SENSITIVE DOCUMENT**" caused Plaintiff to immediately open each envelope in order to learn the "**TIME SENSITIVE**" nature of each enclosed documents.

37.     On information and belief, MCM has researched and analyzed data to learn that consumers are more likely to open collection letters sent in envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" than plain envelopes.

38.     MCM's "**TIME SENSITIVE DOCUMENT**" envelope has been assigned a specific alpha-numeric code.

39.     MCM has the ability to search its records to determine the precise dates on which it used the "**TIME SENSITIVE DOCUMENT**" envelope to send collection letters to Plaintiff on putative class members.

40.     MCM can analyze payments data to determine whether persons receiving collections letters sent inside of "**TIME SENSITIVE DOCUMENT**" envelopes make payments at a higher rate than when collection letters are sent inside of plain envelopes.

41.     On information and belief, MCM has researched and analyzed data to conclude that consumers are more likely to send payments to MCM where a collection letter requesting payment was sent inside of envelopes that contain the words "**TIME SENSITIVE DOCUMENT**" than plain envelopes.

42.     MCM's use of the words "**TIME SENSITIVE DOCUMENT** violated Section 1692f(8) of the FDCPA because these words  intended to create, and did create, a false sense of urgency with regard to Plaintiff's perception of MCM's collection efforts relative to the Subject Debt.

43.     MCM's use of the words "**TIME SENSITIVE DOCUMENT**" violated Section 1692f(8) and implicates a core "privacy" right recognized by Section 1692(a) of the Act.

44.   MCM's transmission of debt collection letters to consumers inside of envelopes that contain the words "**TIME SENSITIVE DOCUMENT**" unfairly puts MCM ahead of its competitors in the debt collection industry. See 15 U.S.C. § 1692(e)("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged[.]").

45.   Plaintiff suffered real and concrete harm because MCM communicated with him in a manner prohibited by the FDCPA.

46.   Plaintiff suffered a real and concrete injury because Mr. Ramirez contemplated settling an otherwise time-barred debt because of the manner in which the collection Envelope was marked.

47.   MCM's violation of Section 1692f(8) is not a mere procedural violation. For example, the Seventh Circuit in *Preston* held that MCM's use marking of collection envelopes with the words "**TIME SENSITIVE DOCUMENT**" is precisely the type of conduct that Section 1692f(8) the FDCPA was enacted to prohibit:

> In providing certainty, this provision furthers the FDCPA's overall purpose of "eliminat[ing] abusive debt collection practices by debt collectors" and "insur[ing] that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged."

*Preston*, 948 F.3d at 784.

**IV.   Class Action Based Allegations**

48.   The legal issues presented by MCM's use of the words "**TIME SENSITIVE DOCUMENT**" on collection letters envelopes satisfy the elements of FRCP 23(a)(1)-(3), because MCM has mailed out well over 40 identically formatted envelopes to consumers in this district, the illegality of MCM's conduct is question of fact and law that is typical and common to Plaintiff and the proposed class members.

49.     Further, Mr. Ramirez can satisfy FRCP 23(a)(4) because he will fairly and adequately protect the interests of the proposed class members and he is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

50.     Plaintiff's lead attorney (James C. Vlahakis) is an experienced consumer class action litigator. For example, on May 15, 2018, Mr. Vlahakis was appointed to the Steering Committee in a nationwide class action against Apple, Inc. *See, In Re: Apple Inc. Device Performance Litigation*, 18-md-02827 (N.D. Cal. May 15, 2018) (Dkt. Entry no. 99). After extended litigation, the parties proposed a $310 to $500 million dollar settlement to the court which received preliminary on May 15, 2020) (Dkts. 415-16, 420, 429).

51.     Before becoming a consumer rights attorney, Mr. Vlahakis worked at Hinshaw & Culbertson for nearly twenty years, where he specialized in defending debt collectors in class action litigation. As a former defense attorney, Mr. Vlahakis understands the types of defenses that creditors and debt collectors typically raise in TCPA class actions.

52.     For example, in his former role as a defense attorney, Mr. Vlahakis *defeated* a motion to certify a TCPA based class action in *Jamison v. First Credit Services, Inc.*, 290 F.R.D. 92 (N.D. Ill. Mar. 28, 2013), reconsideration denied, 2013 U.S. Dist. LEXIS 105352 (N.D. Ill. July 29, 2013). In *Pesce v. First Credit Services, Inc.*, 2012 U.S. Dist. LEXIS 188745 (N.D. Ill. June 6, 2012), Mr. Vlahakis caused a previously certified TCPA class action to be decertified after proving that the class representative had a unique defense that ran against commonality and typicality.

53.     Further, Mr. Vlahakis was lead plaintiff's counsel in *Preston v. Midland Credit Management, Inc.*, 948 F.3d 776 (7th Cir. 2020) where the Seventh Circuit reversed in part the district court's order granting MCM's 12(b)(6) motion to dismiss.

54.     Mr. Ramirez can satisfy FRCP 23(b)(2) because MCM has acted on grounds that apply to the class so that final injunctive and/declaratory relief sought below is appropriate relief respecting the proposed class as a whole.

55.     Mr. Ramirez can satisfy FRCP 23(b)(3) because questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

### V.     Causes of Action

### Count I – Individual Claim for Violations of Section 1692f(8) of the FDCPA

56.     Plaintiff ESTEBAN RAMIREZ realleges the above paragraphs as though fully set forth herein.

57.     MCM's use of the words "**TIME SENSITIVE DOCUMENT**" on envelopes sent to Plaintiff within the past year violated Section 1692f(8) of the FDCPA because these words  were intended to create, and did create a false sense of urgency with Plaintiff.

58.     MCM violated Section 1692f(8) of the FDCPA which specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

59.     Section 1692f(8) contains no exceptions – any extraneous text on the envelope other than what is allowed by Section 1692f(8) is a violation of 1692f(8).

60.   For the reasons set forth above, MCM violated Section 1692f(8) by using of the words "**TIME SENSITIVE DOCUMENT**" on the envelopes used to send collection letters to Plaintiff.

WHEREFORE, Plaintiff ESTEBAN RAMIREZ respectfully requests that this Honorable Court:

    a. declare that Defendant's use of the words "**TIME SENSITIVE DOCUMENT**" envelopes violates Section 1692f(8) of the FDCPA;

    b. enjoin Defendant from using "**TIME SENSITIVE DOCUMENT**" envelopes in conjunction with any future collection letters;

    c. award Plaintiff statutory damages of up to $1,000; and

    d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count II – Class Action Claim for Violations of §1692f(8)**

61.   Plaintiff ESTEBAN RAMIREZ realleges the above paragraphs as though fully set forth herein.

62.   As set forth above, MCM violated Section 1692f(8) of the FDCPA.

63.   MCM routinely attempts to collect consumer debts in this District by mailing collection letters inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**".

64.   As alleged above, MCM specifically used envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" in an attempt to cause recipients to open the envelopes, read the enclosed letters and pay down the underlying debt.

65.   MCM's use of the words "**TIME SENSITIVE DOCUMENT**" violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

66.     Using the words "**TIME SENSITIVE DOCUMENT**" violates Section 1692f(8) of the FDCPA because these words intended to create, and does create, a false sense of urgency to so-called least sophisticated consumers.

67.     Within one year of the filing of this lawsuit, at least 40 persons with addresses from within this District were sent a collection letter by MCM where the collection letter was mailed inside envelope marked with the words "**TIME SENSITIVE DOCUMENT**".

68.     MCM's conduct and violations of Section 1692f(8) of the FDCPA satisfies the elements of typicality, commonality, predominance and superiority.

69.     On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

70.     Mr. Ramirez will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this judicial district who were mailed envelopes marked the words "**TIME SENSITIVE DOCUMENT**" where MCM was attempting to collect debts originally owed to Capital One, N.A.

71.     The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends.

72.     The proposed class can be defined by MCM's records.

WHEREFORE, Plaintiff ESTEBAN RAMIREZ respectfully requests that this Honorable Court:

a.  appoint Plaintiff as a class representative;

b.  declare that Defendant's use of the "**TIME SENSITIVE DOCUMENT**" envelopes violates Section 1692f(8) of the FDCPA;

c.  enjoin Defendant from using the "**TIME SENSITIVE DOCUMENT**" envelopes in conjunction with any future collection letters;

d.  award class members maximum statutory damages;

    e.   award class members actual damages if they paid their subject debts after receiving a collection letter inside of an envelope marked with the words "**TIME SENSITIVE DOCUMENT**";

    f.   appoint James C. Vlahakis as class counsel;

    g.   award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k.

**Count III – Individual Claim for Violations of Section 1692e of the FDCPA**

73.    Plaintiff ESTEBAN RAMIREZ realleges the above paragraphs as though fully set forth herein.

74.    Section 1692e of the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

75.    As alleged above, MCM specifically used envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" in an attempt to cause Plaintiff to open the envelopes, read the enclosed letters and pay down the underlying debt.

76.    MCM's use of the words "**TIME SENSITIVE DOCUMENT**" on collection envelopes violates Section 1692e of the FDCPA because these words intended to create, and does create, a false sense of urgency to so-called least sophisticated consumers.

77.    MCM's use of the words "**TIME SENSITIVE DOCUMENT**" on collection envelopes violates Section 1692e of the FDCPA because these words constitute a false, deceptive, or misleading representation or means in connection with the collection of the Subject Debt.

78.    For the reasons set forth above, MCM violated Section 1692e by using the words "**TIME SENSITIVE DOCUMENT**" on the envelopes used to send collection letters to Plaintiff.

WHEREFORE, Plaintiff ESTEBAN RAMIREZ respectfully requests that this Honorable Court:

a. declare that Defendant's use of the words "**TIME SENSITIVE DOCUMENT**" envelopes violates Section 1692e of the FDCPA;

b. enjoin Defendant from using "**TIME SENSITIVE DOCUMENT**" envelopes in conjunction with any future collection letters;

c. award Plaintiff statutory damages of up to $1,000; and

d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count IV – Class Action Claim for Violations of §1692e**

79.     Plaintiff ESTEBAN RAMIREZ realleges the above paragraphs as though fully set forth herein.

80.     Section 1692e of the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

81.     MCM routinely attempts to collect consumer debts in this District by mailing collection letters inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**".

82.     As alleged above, MCM specifically used envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" in an attempt to cause recipients to open the envelopes, read the enclosed letters and pay down the underlying debt.

83.     MCM's use of the words "**TIME SENSITIVE DOCUMENT**" on collection envelopes violates Section 1692e of the FDCPA because these words intended to create, and does create, a false sense of urgency to so-called least sophisticated consumers.

84.     MCM's use of the words "**TIME SENSITIVE DOCUMENT**" on collection envelopes violates Section 1692e of the FDCPA because these words constitute a false, deceptive, or misleading representation or means in connection with the collection of the Subject Debt.

85.     Within one year of the filing of this lawsuit, at least 40 persons with addresses from within this District were sent a collection letter by MCM where the collection letter was mailed inside envelope marked with the words "**TIME SENSITIVE DOCUMENT**".

86.     MCM's conduct and violations of Section 1692e of the FDCPA satisfies the elements of typicality, commonality, predominance and superiority.

87.     On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

88.     Mr. Ramirez will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this judicial district who were mailed envelopes marked the words "**TIME SENSITIVE DOCUMENT**" where MCM was attempting to collect debts originally owed to Capital One, N.A.

89.     The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends.

90.     The proposed class can be defined by MCM's records.

WHEREFORE, Plaintiff ESTEBAN RAMIREZ respectfully requests that this Honorable Court:

a.  appoint Plaintiff as a class representative;

b.  declare that Defendant's use of the "**TIME SENSITIVE DOCUMENT**" envelopes violates Section 1692e of the FDCPA;

c.  enjoin Defendant from using the "**TIME SENSITIVE DOCUMENT**" envelopes in conjunction with any future collection letters;

d.  award class members maximum statutory damages;

e.  award class members actual damages if they paid their subject debts after receiving a collection letter inside of an envelope marked with the words "**TIME SENSITIVE DOCUMENT**";

f.  appoint James C. Vlahakis as class counsel;

g.  award Plaintiff costs and reasonable attorney's fees as provided
under 15 U.S.C. §1692k.

***Plaintiff demands a jury trial***

Respectfully submitted, on behalf of

Plaintiff ESTEBAN RAMIREZ individually
and on behalf of all others similarly situated,

/s/ James C. Vlahakis                                    Date: July 16th, 2020
James C. Vlahakis
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630)581-5456
jvlahakis@sulaimanlaw.com